IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| **WIDNEY H. JOHNSON, #200033** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO: 2:05-CV-552-F** |
| | ) | |
| **SHARON RODGERS, et al.** | ) | |
| | ) | |
| **Defendants.** | ) | |

## SPECIAL REPORT

COME NOW, the defendants, **Sharon Rodgers**, **Willie Copeland** and the **Department of Corrections**, by and through the Attorney General for the State of Alabama, Honorable Troy King, and in accordance with this Honorable Court's Order entered on June 15, 2005, do hereby submit the following Special Report.

## PARTIES

1. The plaintiff, Widney Johnson, is an Alabama Department of Corrections (ADOC) inmate, who is presently incarcerated at Elmore Correctional Facility, in Elmore, Alabama.

2. Plaintiff has named the following defendants:

    a. Sharon Rodgers, who presently is employed by the Alabama Department of Corrections as a Correctional Officer II at Staton Correctional Facility.

    b. Willie Copeland, who presently is employed by the Alabama Department of Corrections as a Correctional Supervisor I at Staton Correctional Facility.

   c.  The Alabama Department of Corrections.

## DEFENDANTS' EXHIBITS

In accordance with this Court's Order, the defendants submit the following exhibits:

1. Exhibit "A" – Affidavit of Sharon Rodgers.

2. Exhibit "B" – Affidavit of Willie Copeland.

3. Exhibit "C" – Affidavit of Annie Latimore.

4. Exhibit "D" – Affidavit of Leon Forniss.

## PLAINTIFF'S ALLEGATIONS

The plaintiff claims that on February 7, 2005, he was taken by Sergeant Rodgers to the shift office after she heard someone whistle at her. (Complaint addendum pg. 1). Plaintiff claims that defendants Rodgers and Copeland yelled and threatened him in such manner that he feared for his life. (Complaint addendum pg. 1). The plaintiff claims that Sergeant Rodgers then slapped him. (Complaint addendum pg. 1). The plaintiff claims that Rodgers used excessive force in slapping him. (Complaint addendum pg. 1). The plaintiff also claims that Lieutenant Copeland threatened him with bodily harm. (Complaint addendum pg. 2).

## DAMAGES/RELIEF DEMANDED

As a result of defendants' actions, plaintiff claims he is entitled to compensatory and punitive damages. (Complaint, p. 4).

## DEFENDANTS' RESPONSE

Defendants respond to the plaintiff's complaint as follows:

1. Defendants deny that excessive force was used against the plaintiff.

2. Defendants assert that the plaintiff has failed to state a claim upon which relief can be granted.

3. Defendants deny that any of the plaintiff's Constitutional rights have been violated.

4. Defendants plead the affirmative defenses of qualified and absolute immunity.

5. Defendants assert that the plaintiff has failed to show there is any genuine issue of the material facts of this case and the defendants are entitled to judgment as a matter of law.

## STATEMENT OF FACTS

The plaintiff was among several inmates on a sidewalk when Sergeant Rodgers was passing by that erupted in laughter after someone in the group whistled. (Exhibits A and B). Sergeant Rodgers responded by speaking to the plaintiff and the plaintiff in turn responded by using rude, provocative and degrading language towards Sergeant Rodgers. (Exhibits A and B). Sergeant Rodgers then escorted the plaintiff to the Shift Commander's office, where she reprimanded the plaintiff concerning his disrespectful remarks toward her on the sidewalk. (Exhibits A and B). At that time Sergeant Rodgers made physical contact with the plaintiff's face using her hand. (Exhibits A and B). The plaintiff was then counseled by Lieutenant Copeland and allowed to leave the Shift Commander's office. (Exhibit B).

## ARGUMENT

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986). Once the movant has established that there is

no genuine issue, then the burden shifts to the non-movant to rebut the movant's prima facie showing. *Celotex Corp. v. Catrett*, 477 U.S. 323 (1986). Unless the non-movant can submit substantial evidence that a genuine issue of material fact does exist, the movant is entitled to summary judgment. *Id.* This case is ripe for summary judgment because the plaintiff cannot present substantial evidence that there is a genuine issue of material fact as to any of his claims and the defendants are entitled to judgment as a matter of law.

The plaintiff's has no injury upon which he can base a claim. To state a claim, an inmate's injuries need not be significant, but must be more than de minimus. *Harris v. Garner*, 190 F.3d 1279, 1287 (11th Cir.); modified in part by *Harris v. Garner*, 216 F. 3d 970 (2000). Also, as stated in 42 U.S.C. § 1997e(e), "no federal civil action may be brought by a prisoner confined in a jail, prison or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury." To satisfy the injury requirement, an inmate need not show permanent injury, but must "offer some evidence of injury beyond a minimal one." *Bennett v. Parker*, 898 F.2d 1530, 1533 (11th Cir. 1990). A claim of being slapped in the face does not meet this standard, as injuries more severe than this have consistently been found not sufficiently serious to state an Eighth Amendment claim. *Bennett*, 898 F2d. at 1533 (inmate's allegation of being struck in the head with a night stick did not state sufficient injury); *Brown. v. Smith*, 813 F.2d 1187 (11th Cir. 1987) (inmate's allegation he was pinned against a wall by the neck with a riot baton did not state sufficient injury); Siglar v. Hightower, 112 F. 3d 191 (5th Cir. 1997) (bruised and sore ear insufficient); Lassan v. City of Orange Bearch, 2000 W.L. 1844683 (S.D. Ala. 2000) (broken bone and digestive problems

insufficient). Further, the plaintiff does not even allege that Lieutenant Copeland even touched him. (Complaint addendum pgs. 1-3). It is impossible t make a valid excessive force claim against a corrections officer when that officer did not use any force. And because the plaintiff had no injury, he is barred from making a claim of emotional distress against Lieutenant Copeland. Because the plaintiff's injuries are minimal, he has not stated an Eighth Amendment claim and the defendants are entitled to summary judgment.

The defendants are entitled to judgment from the plaintiff's claims based on qualified immunity, which "protects government officials from civil trials and liability when their conduct in performing discretionary functions 'violates no clearly established statutory or constitutional rights of which a reasonable person would have known.'" *Wilson v. Blankenship*, 163 F.3d 1284, 1288 (11th Cir. 1998), quoting *Lassiter v. Alabama A&M Univ., Bd. of Trustees*, 28 F.3d 1146, 1149 (11th Cir. 1994). Restraining violent inmates is a field that requires discretionary choices by the defendants (Exhibits A and B.) The plaintiff has failed to cite a case that puts any defendant on notice that their actions violated clearly established law, so the defendants are entitled to qualified immunity.

To the extent that the plaintiff asserts his claims against the defendants in their official capacities, the claims must fail because the defendants are entitled to immunity via the Eleventh Amendment. The Eleventh Amendment to the United States Constitution provides that "[t]he judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another state, or by citizens or subjects of any foreign

state." The Amendment not only bars suits against a state by citizens of another state, but it also bars suits against a state by that state's own citizens. See *Edelman v. Jordan*, 415 U.S. at 663, 94 S. Ct at 1347 and *Hans v. Louisiana*, 134 U.S. 1, 13-15, 10 S. Ct. 504, 33 L.Ed. 842 (1890). The defendants were acting within the scope of their official duties in this instance on behalf of the State of Alabama. The State of Alabama has not waived its immunity or consented to the filing of such a suit. The defendants are absolutely immune from suit in this instance. U.S. Const. amend. 11; Art. I, § 14, ALA. Const. (The State of Alabama shall never be made a defendant in any court of law or equity); see also *Kentucky v. Graham*, 473 U.S. 159, 165 (1985) (a claim against a state official in his official capacity is a claim against the state).

Summary judgment is proper if the pleadings, affidavits and documents submitted to the court show that there is no genuine issue of material fact. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249-250 (1986). This case is ripe for summary judgment because there is no genuine issue of fact as to the plaintiff's claims and the defendants are entitled to judgment as a matter of law.

## CONCLUSION

Based on the foregoing, the defendants respectfully request that this Honorable Court enter a summary judgment in their favor.

Respectfully submitted,

TROY KING
ATTORNEY GENERAL

_____/s/  MATTHEW Y. BEAM_____
MATTHEW Y. BEAM (BEA065)
ASSISTANT ATTORNEY GENERAL

**ADDRESS OF COUNSEL**

Office of the Attorney General
General Civil Litigation
11 South Union Street
Montgomery, Alabama 36130
(334) 242-7340
Fax: (334) 242-2433

**CERTIFICATE OF SERVICE**

I hereby certify that this 12th day of September, 2005, served a copy of the

foregoing on the plaintiff by placing same in the United States mail, postage prepaid and

addressed as follows:

Mr. Widney Johnson
AIS: 200033
Elmore Correctional Facility
P.O. Box 8
Elmore, AL  36025

_____/s/  MATTHEW Y. BEAM_____
MATTHEW Y. BEAM (BEA065)
ASSISTANT ATTORNEY GENERAL

7