IN THE UNITED STATES DISTRICT COUR
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

EXHIBIT

*C*

PENGAD-Bayonne N.J

WIDNEY H. JOHNSON, #200033,          )
                                     )
              PLANTIFF,              )
                                     )
v.                                   )    CIVIL ACTION NO. 2:05-CV-552-F
                                     )
SHARON RODGERS, *et al.,*            )
                                     )
              DEFENDANTS,            )

## A F F I D A V I T

**State of Alabama**      :

**Elmore County**         :

Before me the undersigned authority, a Notary Public in and for said County and State of Alabama at Large, personally appeared Annie Latimore, who being known to me and being by me first duly sworn, deposes and says on oath as follows:

My name is Annie Latimore. I hereby certify and affirm that I am the Alternate Custodian of Records at Staton Correctional Facility, P.O. Box 56, Elmore, Alabama 36025. I am over twenty-one years of age and am competent to testify to the matters stated herein.

The attached ***State of Alabama Board of Corrections Institutional Incident Report*** number SCC-05-0140 consisting of nine pages, and ***Alabama Department of Corrections Investigative Report*** number I & I 1000 05-17 consisting of five pages, and ***Alabama Department of Corrections Investigative Report Supplement*** consisting of two pages and ***three different memos in reference to Disciplinary Action*** consisting of five

pages are true, and exact and correct photocopies of documents maintained here in the institutional files.

I further certify and affirm that said documents are maintained in the usual and ordinary course of business at Staton Correctional Facility and that said documents and entries therein were made reasonably near the time that such acts, events and transactions referred to therein are said to have occurred.

_ANNIE LATIMORE_

SWORN TO and SUBSCRIBED before me this _28TH_ day of June 2005.

_NOTARY PUBLIC_

_1-22-08_
My Commission Expires:

N601
DofC
DOC No.601
(Rev.4/81)

**STATE OF ALABAMA**
**BOARD OF CORRECTIONS**
**INSTITUTIONAL INCIDENT REPORT**

SCC-05-0140

| 1. Institution: Staton Corr Facility | 2. Date: 2/7/05 | 3. Time: 11:45 am | 4. Incident Number: XXXXX |
|---|---|---|---|
| 5. Location Where Incident Occurred: Shift Commander's Office | | 6. Type of Incident: Alleged Use of Force | |
| 7. Time Incident Reported: 6:15 pm to 10:05 pm | | 8. Who Received Report: Warden Leon Forniss | |

**9. Victim:** a. Windey Johnson      No. B/200033
_(Type Full Name)_

b. _____      No. _____
_(Type Full Name)_

**10. Suspects:**

| | | | |
|---|---|---|---|
| a. | Sharon Rogers | No. | CO II |
| b. | Willie Copeland | No. | COS I |
| c. | | No. | |
| d. | | No. | |
| e. | | No. | |

**11. Witness:**

| | | | |
|---|---|---|---|
| a. | Herman Delaney | No. | B/212639 |
| b. | Thomas Allen | No. | CO I |
| c. | | No. | |
| d. | | No. | |
| e. | | No. | |
| f. | | No. | |
| g. | | No. | |

**Physical Evidence:**

12. Type of Evidence: N/A

13. Description of Evidence: N/A

**14. Chain of Evidence:**

a.

b. N/A

c.

d.

**15. Narrative Summary:**

On February 10, 2005 at approximately 4:45 pm, Inmate Widney Johnson B/200033, was called to Lt.
Edward Robinson's Office after filing an inmate request slip complaining of having been assaulted by Sgt.
Sharon Rogers and verbally abused by Lt. Willie Copeland while in the Shift Commanders Office on
February 7, 2005. On 2/10/05, Lt Eddie Browning was instructed by Captain Robert Sanford to have inmate
Johnson escorted to the Health Care Unit for a medical examination. Inmate Johnson gave this account of the
alledged incident. According to Inmate Johnson, on 2/7/05, while on the side-walk near the laundry door, as
Sgt. Rogers was passing a group of inmates, an inmate who was standing near Inmate Johnson made a
hissing sound. Inmate Johnson advised he started laughing and Sgt. Rogers turned around and said "Come
here, You think its funny. I'm gonna make a fucking example out of you." Inmate Johnson stated Sgt. Rogers
escorted him to the shift office. When they got to the shift office, Inmate Johnson asked Sgt. Rogers what
was she going to write him up for? Sgt. Rogers said, "I'm not gonna write you up, Im gonna make a fucking
example of you." Inmate Johnson followed Sgt. Rogers into the shift commanders office. (Cont.)

DISTRIBUTION:    ORIGINAL Investigation and Inspection Division
COPY to Deputy Commissioner, Institutions
COPY to Institutional File
COPY to Central Records File

CONTINUATION SHEET

| Institution:<br>**Staton Correctional Facility** | Incident Number:<br>~~SCC 51XX~~    SCC–05–0140 |
|---|---|
| Date:<br>**2/10/05** | Type of Incident:<br>**Use of Force** |

Narrative Summary (Continued) Page No. 2

Sgt. Rogers shouted to the inmate runner, get up out of here in a very loud voice. Lt. Copeland and Officer Thomas Allen were inside the office at the time. Inmate Johnson stated he asked Lt. Copeland if he could tell Lt. Copeland what happened. Sgt. Rogers shouted to Inmate Johnson "Shut up!" then slapped Inmate Johnson in the face with her right hand. Sgt. Rogers pulled her baton from her holster and held the baton in front of Inmate Johnson face and said, "Shut up, I'll knock your grill out." She stated, "You know I'm crazy, I'm not Sgt. Lee." Inmate Johnson said he pleaded with Lt. Copeland to allow him to tell what really happened. Inmate Johnson stated, Lt. Copeland stood up from his desk and stated to Inmate Johnson, "Boy do you want me to slap you too?" Lt. Copeland took out his baton and came up to Inmate Johnson and asked Inmate Johnson again, "Boy do you want me to slap your ass too?" Lt. Copeland stated, "I've done things I never got caught for." I have smoke dope and I have shot at a motherfucker before. While Lt. Copeland was nose to nose with Inmate Johnson and Sgt. Rogers was standing next to him, Lt. Copeland stated to Sgt. Rogers, "We need to ship him." Lt. Copeland then said, "I have never seen you in trouble before." Lt. Copeland then stated if it was not you whistling, you have to watch who you be around. At that time Officer Allen tried to walk out of the office. Lt. Copeland told Officer Allen to wait , don't leave. Lt. Copeland held both hands in front of Inmate Johnson face and stated, "At the snap of my fingers, you walk out of here and act like nothing never happened. Just say we are even, don't tell anybody about this." Lt. Copeland snapped his fingers then Inmate Johnson walked out of the office. Inmate Johnson advised until today he had never been examined by anyone and had not had a body chart done on him. Inmate Johnson stated he initially reported the incident to Officer Freddie Grant on 2-7-05 at approximately 11:50 AM. According to Inmate Johnson, Officer Grant stated to him, "I don't know what to tell you to do on this shift." He said maybe you need to talk to a supervisor on another shift. He gave Inmate Johnson a request slip and told Inmate Johnson to fill it out and turn it in to the hall #1 box. Inmate Johnson stated, "I didn't tell anybody about this except Officer Grant. Inmate Johnson stated that inmates started coming up to Inmate Johnson telling Inmate Johnson they heard Sgt. Rogers slapped the hell out of Inmate Johnson. No further action taken at this time.

Lt. Edward Robinson
**Lt. Edward Robinson**



**PHS**
PRISON
HEALTH
SERVICES
INCORPORATED

# EMERGENCY

| ADMISSTION DATE | TIME | ORIGINATING FACILITY _Station_ | ☐ SICK CALL   ☐ EMERGENCY |
|---|---|---|---|
| 2/10/5 | 1750 ☐AM ☑PM | ☐ SIR  ☐ PDL  ☐ ESCAPEE  ☐ _____ | ☐ OUTPATIENT |

| ALLERGIES  NKA | CONDITION ON ADMISSION | | | | |
|---|---|---|---|---|---|
| | ☑ GOOD  ☐ FAIR  ☐ POOR  ☐ SHOCK  ☐ HEMORRHAGE  ☐ COMA | | | | |

| VITAL SIGNS: TEMP _98⁷_ | ☑ ORAL ☐ RECTAL | RESP. _18_ | PULSE _72_ | B/P _124/78_ | RECHECK IF SYSTOLIC <100> 50   _/_ |
|---|---|---|---|---|---|

NATURE OF INJURY OR ILLNESS

(S) Per Doc.

PHYSICAL EXAMINATION

(O) Skin warm to touch. Abdomen soft + non tender. Resp even + unlabored. No Pt distress + alert. No tear or redness noted to skin. No c/o pain.

(A) No acute distress noted.

(P) MD to evaluate

| ABRASION /// | CONTUSION # | BURN ˣˣ/ˣˣ | FRACTURE Z/Z | LACERATION / _____ SUTURES |
|---|---|---|---|---|

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |
| | | |
| | | |
| | | |
| | | |
| | | |

DIAGNOSIS

INSTRUCTIONS TO PATIENT

| DISCHARGE DATE | TIME | RELEASE / TRANSFERRED TO | CONDITION ON DISCHARGE | |
|---|---|---|---|---|
| 2/10/05 | 1750 ☐AM ☑PM | ☑ DOC  ☐ AMBULENCE  ☐ | ☑ SATISFACTORY  ☐ POOR | ☐ FAIR  ☐ CRITICAL |

| NURSE'S SIGNATURE | DATE | PHYSICIAN'S SIGNATURE | DATE | CONSULTATION |
|---|---|---|---|---|
| S. Johnson, LPN | 2/10/05 | | | |

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Johnson, Windrey A. | 000033 | 8/11/78 | B/M | SCC |

PHS-MD-70007

**(White – Record Copy, Yellow – Pharmacy Copy)**

February 7, 2005

Statement by Widney Johnson, BM/200033

On 02-07-05 at approximately 11:00 AM, I, Widney Johnson, BM/200033, was standing on the sidewalk down by the second laundry door. Sgt. Rogers was coming towards me, as if she were heading back to the Shift Office. Someone made a noise that sounded like a hissing sound. I started walking towards B-Dormitory and was laughing. Inmate Herman Delaney was standing beside me. Sgt. Rogers, told me, "I'm going to make you a fucking example." Sgt. Rogers and myself started walking towards the chow hall entrance door. I asked Sgt. Rogers what did I do to be written up for. Sgt. Rogers said, "I ain't fixen to write you up, I'm just fixing to make you a fucking example." Sgt. Rogers took me to the Shift Commander's Office. Sgt. Rogers put me up against the door, and told the first shift runner to, "Get the hell outta here." Lt. Copeland was sitting behind the desk. The runner went out the door quick. Sgt. Rogers put me up against the door. I asked Lt. Copeland if I could talk to him for a second. Sgt. Rogers slapped me with her right hand on the left side of my face hard. Sgt. Rogers got her stick, I was asking Lt. Copeland to listen to me, Sgt. Rogers stated she would knock my grill out of my mouth. Lt. Copeland jumped up with his stick and said in my face, "Boy, you want me to slap you? I'll slap the Hell out of you too." I stated again that I had not done nothing. Lt. Copeland stated that he had done shit that he'd never gotten caught for, like smoking weed and shooting at mother fuckers. Lt. Copeland asked how much time I had. I said, 20-years for violation on a split. I sleep in C-Dormitory. Lt. Copeland we need to ship him., then stated, nah, nah, I ain't never seen him come in my office or get into any trouble. Lt. Copeland stated at the snap of my fingers, I want you to walk out this door and act like this never happened, and don't tell nobody and we'll just call it even. Then Lt. Copeland snapped his finger. Another officer was in the office while this took place. The other officer was trying to leave out but he didn't. When I left, Lt. Copeland told me to shave. After I left out, I went out in the hallway and he watched me all the way to the dorm. I went in there and told Officer Grant in C-Dorm about what happened. Officer Grant said , "I don't know what to do." I was advised to talk with a supervisor on second shift. I got a request form from Officer Grant and filled it out and took it to Hall 1. I told Officer Oakman could she give this to the Classification Officer. She said, no I can't do that, put it in the request box.  When I went back to the dorm, these people had already heard about Sgt. Rodgers slapping me, and I had not told anybody. I am telling the truth and will take a lie detector test if necessary.

*Widney H Johnson*
WIDNEY JOHNSON, B/200033

NOTARY: *James H. Leichy Jr.*
2/10/05
Elmore, Al.

February 7, 2005

Statement by Herman Delaney.

On 02-07-05 at approximately 11:00 AM, I, Herman Delaney, B/212639, was at recess in A-Dormitory who was hosting GED classes. During recess, I walked outside to smoke a cigarette and I met Inmate Widney Johnson, B/200033, outside of A-Dormitory. We were talking about various things concerning prison, and then Sgt. Rodgers came up on the sidewalk and other inmates were making comments about Sgt. Rodgers. Sgt. Rodgers turned around and replied, "I don't play no fucking games." Then Sgt. Rodgers kept on walking towards A-Dormitory and she turned around again, after she heard some more comments, that is when she asked Inmate Widney Johnson why was he laughing at her. Inmate Johnson replied that he was not laughing at her. Sgt. Rodgers' response was, "Let's go to the Shift Office and I'm fixing to fuck you up." Inmate Johnson replied I haven't done anything. Sgt. Rodgers' final reply again was, "Let's go to the Shift Office, I don't play no fucking games."

_Herman Delaney - 212639_
HERMAN DELANEY, B/212639

NOTARY : James H. Lindsey Jr.
2/10/05
Elmore, Al.

February 14, 2005

**STATEMENT**

**COI Freddie Grant**

On 2/7/05, at approximately 1:00 p.m., Inmate Widney Johnson #200033, came to Officer Freddie Grant in C Dorm Cubicle and reported he had been assaulted. Officer Grant asked Inmate Johnson by whom was he assaulted. Inmate Johnson stated "Lt.Copeland and Sgt. Rogers." Officer Grant then informed Inmate Johnson that those were strong accusations and that this was hard to believe.

Officer Grant then informed Inmate Johnson that if he felt he had been assaulted, he needed to go back to the shift office and talk to Lt. Copeland about the alleged assault. That was the end of the conversation between Inmate Johnson and Officer Grant.

COI Freddie Grant

**SWORN TO AND SUBSCRIBED before me this** _14th_ **day of February, 2005.**

**NOTARY PUBLIC**

February 14, 2005

## STATEMENT

### COI Thomas Allen

On 2/7/05, I was assigned as a rover on the 1st shift.  At one point in the day, I was in the shift office with Lt. Copeland when Sgt. Sharon Rogers entered the office with a black inmate.  Sgt. Rogers began counseling the inmate for making sexually suggestive remarks to her back as she walked on the Staton yard.

I was going to exit the office, but the inmate was in front of the office door, so I stood nearby in case I was needed to subdue the inmate.  I observed Sgt. Rogers slap the inmate with her right hand to the left side of the inmate's face.  Lt. Copeland then approached the inmate stating "why are you looking at me, do you want to beat me up?" The inmate stated "No."  Lt. Copeland then stated "o.k.., you insulted her, she insulted you, so we should be even now. So when I snap my fingers, all this goes away, it never happened."

Then the inmate was allowed to exit the office and go back to population.  I then exited the office and went back to my normal roving duties.

_Thoas Allen cos_  2/14/05
COI Thomas Allen

SWORN TO and SUBSCRIBED before me this 14th day of February, 2005.

_Margaline B. Dismn_
**NOTARY PUBLIC**



State of Alabama

# Alabama Department of Corrections

Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025
Phone: 334-567-2221- Fax: 334-514-3152

**BOB RILEY**
GOVERNOR

**WILLIE THOMAS**
WARDEN III

**DONAL CAMPBELL**
COMMISSIONER

**LEON FORNISS**
WARDEN II

February 14, 2005

To Whom It May Concern:

From: Sgt. Sharon Rogers

Ref:    Inmate Windy Johnson's allegations

On February 14, 2005 at Staton Correctional Center, at approximately 10:45 A.M., Captain Robert Sanford and Lieutenant Edward Robinson advised Sgt. Sharon Rogers that Inmate Windy Johnson had alleged that I (Sgt. Rogers) had assaulted Inmate Johnson by slapping Inmate Johnson in the face.

On February 7, 2005, I, Sgt. Rogers did in fact reprimand Inmate Johnson in the shift office, concerning Inmate Johnson making disrespectful remarks towards me on the sidewalk.  I at no time slapped or assaulted Inmate Johnson.  Inmate Johnson's allegations are false and unfounded.



*State of Alabama*

*Alabama Department of Corrections*

Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025
Phone: 334-567-2221- Fax: 334-514-3152

**BOB RILEY**
GOVERNOR

**LEON FORNISS**
WARDEN III

**DONAL CAMPBELL**
COMMISSIONER

February 14, 2005

To Whom It May Concern:

From:  Willie Copeland, Lieutenant

Ref:    Inmate Windy Johnson's allegations

On February 14, 2005 at Staton Correctional Center, at approximately 10:45AM, Captain Sanford and Lieutenant Robinson advised Lieutenant Copeland that allegation have been made concerning Inmate Windy Johnson being assaulted by Sergeant Rogers, on February 7, 2005, in the Shift Office, in Lieutenant Copeland's present.  Lieutenant Robinson further advised Lieutenant Copeland that Inmate Johnson said, " Lieutenant Copeland snapped his fingers and said this didn't happen."

Lieutenant's Statement:

On February 7, 2005 Lieutenant Copeland was assigned as Staton First Shift Supervisor.  At approximately 11:00AM, Sergeant Rogers and Inmate Johnson entered the Shift Office. Sergeant Rogers verbally reprimanded Inmate Johnson about being verbally disrespectful towards Sergeant Rogers.  I, Lieutenant Copeland verbally reprimanded Inmate Johnson and I advised Inmate Johnson not to be around other inmates that make disrespectful remarks towards Officers and Supervisor.  Lieutenant Copeland did not snap his fingers and say anything. Lieutenant Copeland did not see Sergeant Rogers slap Inmate Johnson.  Sergeant Rogers did not slap Inmate Johnson in Lieutenant Copeland's present.



# Alabama Department of Corrections

Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025
Phone: 334-567-2221- Fax: 334-514-3152

**GOVERNOR**

**WILLIE THOMAS**
WARDEN III



**DONAL CAMPBELL**
COMMISSIONER

**LEON FORNISS**
WARDEN II

MEMORANDUM

February 14, 2005

TO:          Paul Yarbrough, Director of I&I

FROM:        Leon Forniss, Warden III
             Staton Correctional Facility

RE:          Request for Internal Investigation

I am requesting your assistance in determining the facts surrounding an alleged assault on an inmate by an officer.

Inmate Windey Johnson #200033 alleges that Sgt. Sharon Rogers slapped him in the present of Lt. Willie Copeland and Officer Thomas Allen.

Lt. Copeland and Sgt. Rogers adamantly denies the allegations. Officer Thomas Allen's written statement supports the allegations made by the inmate.

Please fine enclosed all statements and other documentation relating to this matter.

cc:  file



# INVESTIGATIVE REPORT

**ALABAMA DEPARTMENT OF
CORRECTIONS**



**INVESTIGATION & INTELLIGENCE
DIVISION**

Confidential-For Official Use Only

Offense: Alleged Officer Misconduct _____    Case No.: SCC-05-0140 / I & I 1000-05-17 _____

Location: Staton Correctional Facility _____    County: Elmore _____    Date of Offense: 02-07-05 _____

| Victim(s) | Subject(s) |
|---|---|
| Inmate Widney Johnson<br>B/M, AIS 200033<br>DOB 08-11-1978 | Sergeant Sharon Rogers |

## SYNOPSIS:

On February 7, 2005, at approximately 11:45 a.m., inmate Widney Johnson, B/M, AIS 200033, date of birth 8-11-1978 alleges that he was standing on the sidewalk near the laundry door at Staton Correctional Facility when Sergeant Sharon Rogers walked by a group of inmates that were standing in that area. Inmate Widney Johnson stated that someone whistled at Sergeant Rogers as she walked by. Inmate Johnson states that Sergeant Rogers then turned around and saw that he, (inmate Johnson) was laughing. Inmate Johnson states that Sergeant Rogers then asked him (inmate Johnson) to come to her and said, "I'm gonna make a fucking example out of you." Inmate Johnson stated that Sergeant Rogers then took him to the Shift Office and slapped him in his face in front of Lieutenant Willie Copeland, who was present in the office, as well as Officer Thomas Allen.

Statements were later obtained from Sergeant Sharon Rogers, who denied slapping the inmate. Lieutenant Willie Copeland stated that the slap on inmate Johnson never occurred. However, Officer Thomas Allen states that he did observe Sergeant Sharon Rogers slap inmate Widney Johnson once on the left side of his face with her right palm.

| Criminal | _____ | Non-Criminal | _____ | Internal | ✓ |
|---|---|---|---|---|---|
| Unfounded | _____ | Pending Investigation | _____ | Closed or Inactive | ✓ |
| | | Cleared by Arrest | _____ | Not Cleared | _____ |

| Copies of Report to | | | |
|---|---|---|---|
| Commissioner | ✓ | Date of Report | March 22, 2005 |
| D/A | | | |
| D/C | ✓ Lovelace | Report Made by | Errick Demus |
| Other | ✓ WArder Foldnis | Report Typed by | Sybil Lawrence |

## DEATILS

This Investigator was requested to investigate case number SCC 05-0140. This case was also assigned I & I number 1000-05-17. The victim of this report was listed as being inmate Widney Johnson, B/M, AIS # 200033. This case was said to have occurred at Staton Correctional Facility on 02-07-2005 at 11:45 a.m. In this case, inmate Widney Johnson alleges that he was slapped in his face by Sergeant Sharon Rogers and that this slap was witnessed by Lieutenant Copeland, who was also present in the Shift Office, as well as Officer Thomas Allen, who was also present in the Shift Office. The narrative of the report goes on to state that on the date in question inmate Johnson was standing by the side door near the Laundry Room and that Sergeant Sharon Rogers was passing by a group of inmates who were standing there. It was stated that someone whistled or made a hissing sound at Sergeant Rogers and that Sergeant Rogers turned around and saw that inmate Johnson was laughing. At that time it was stated that Sergeant Rogers then asked the inmate if he thought it was funny and that Sergeant Rogers made the statement, "I'm gonna make a fucking example out of you," and then took inmate Johnson to the Shift Office where, upon entering the Shift Office, Lieutenant Willie Copeland was present as well as Officer Thomas Allen. At that time it was stated that an inmate runner was also present and was asked to leave out of the Shift Office. Statements were later obtained from Lieutenant Willie Copeland, who stated that Sergeant Sharon Rogers never slapped inmate Johnson while in the Shift Office. A statement was also obtained from Officer Thomas Allen who stated that he did observe Sergeant Rogers slap inmate Johnson very hard on the left side of his face with her right hand.

After being assigned this case, this Investigator traveled to Staton Correctional Facility and on Tuesday, March 15, 2005, this Investigator first interviewed inmate Widney Johnson. In interviewing inmate Widney Johnson he stated that on the date in question, 02-07-2005 at approximately 11:45 a.m. he was standing on the sidewalk near the laundry door and that Sergeant Rogers passed by a group of inmates. Inmate Widney Johnson stated that there were approximately fifty to a hundred inmates that were standing out there because the inmates were on their break from being in the school. He stated that one or two of these inmates whistled or made a hissing sound at Sergeant Rogers. Inmate Johnson stated that he did not do this. Inmate Johnson stated that however, he did laugh about it, and that when Sergeant Rogers turned around and saw him laughing she told him that she was 'going to make a fucking example out of him' and that she asked him to go to the Shift Office. Inmate Johnson stated that he then asked Sergeant Rogers what she was going to write him up for. Inmate Johnson stated that Sergeant Rogers then stated that she was not going to write him up, that she was 'going to make a fucking example out of him.' Inmate Johnson stated that he then was taken inside of the Shift Office where Sergeant Rogers immediately told the inmate runner who was also in the office, in a very loud voice, to get out of the office. Inmate Johnson stated that Lieutenant Copeland and Officer Thomas Allen were inside of the Shift Office at that time. Inmate Johnson stated that at that time he asked Lieutenant Copeland if he could tell Lieutenant Copeland what had happened. He stated that at that time Sergeant Rogers told him to shut up and then slapped him (inmate Johnson) on the left side of his face with her right hand. At that time, inmate Johnson stated that Sergeant Rogers then pulled her baton from her holster and stated that she would 'knock his grill out.' Also in speaking with inmate Johnson he stated that the name of the inmate who actually was in the office and was asked to leave out of the Shift Office when he arrived in there was an inmate by the name of Claude Anderson Bryant, AIS # 179852. Inmate Johnson stated that inmate Claude Bryant did not actually witness the slap by Sergeant Sharon Rogers because he had already been made to leave the office. Inmate Johnson stated that Lieutenant Copeland would not listen to what he had to say and also asked inmate Johnson if he wanted to be slapped by him

(Lieutenant Copeland) as well. Inmate Johnson stated that Lieutenant Copeland then took out his baton and then came up to inmate Johnson's face and stated, "Boy, do you want me to slap your ass, too?" Inmate Johnson stated that Officer Thomas Allen then tried to leave the office. He described Officer Thomas Allen as being a tall, white male officer. He stated that Officer Allen could not leave the office because he (inmate Johnson) was standing in front of the Shift Office door and that Officer Thomas Allen could not leave out of the door. Inmate Johnson stated that Lieutenant Copeland told him (inmate Johnson) that everything was even at this time, that he had done something to Sergeant Rogers and Sergeant Rogers had done something to him, and that the whole thing was even, and that when he (Lieutenant Copeland) snapped his fingers that he should walk out of the office and act like nothing ever happened. At that time inmate Johnson stated that Lieutenant Copeland snapped his fingers, and inmate Johnson stated that he then walked out of the office and immediately went and reported the incident to Officer Freddie Grant who was the officer in his dorm area. Inmate Johnson stated that Officer Grant then gave him (inmate Johnson) a request slip and told him to fill it out and turn it in to the supervisors on another shift. Inmate Johnson stated that he then filled out the request slip and turned it in and that he was contacted about three or four days later after the incident had occurred. Inmate Johnson's statement is self explanatory and will be added to the case file.

This Investigator next located inmate Claude Anderson Bryant, who was said to be the inmate runner who was said to be in the office area just before this assault was said to have taken place. This Investigator spoke with inmate Bryant, who is a White Male, AIS # 179852, date of birth 11-14-1965. In interviewing inmate Bryant he advised that he does not remember being asked to leave the Shift Office after inmate Johnson was brought in. Inmate Bryant further advised that he had been asked to leave the Shift Office on numerous occasions when officers bring in inmates to be reprimanded. Inmate Bryant further advised that he just does not remember on this occasion when inmate Johnson was brought into the office.

This Investigator next obtained a statement from Officer Freddie Grant, Black Male, date of birth 03-03-1959, his address is 2513 McGraw Court in Montgomery, Alabama. Phone number is 277-8057. In interviewing Officer Grant he stated that he did give inmate Johnson a request slip on the date of this offense. He stated inmate Johnson came to him on that particular date and stated that he had been slapped in the face by Sergeant Rogers and also this was said to have been witnessed by Lieutenant Copeland. Officer Grant stated that he then advised the inmate that he did not believe him, but he stated that he then gave the inmate a request slip and told the inmate to fill it out and give it to another shift supervisor. Officer Freddie Grant's statement is self-explanatory and will be added to the case file.

This Investigator then obtained a detailed statement from inmate Herman DuLaney, AIS # 212639, date of birth 04-05-1978. In interviewing inmate DuLaney he said that he was standing around by the laundry area, and that this was during the recess from class. He said that he was standing with approximately fifty to a hundred other inmates. He stated that they were all on break. He stated that someone whistled at Sergeant Rogers as she passed by and that Sergeant Rogers turned around and picked out inmate Johnson because inmate Johnson was laughing. Inmate DuLaney stated that inmate Johnson advised Sergeant Rogers that he did not do anything and she (Sergeant Rogers) told him (inmate Johnson), "Let's go to the Shift Office, I'm fixing to fuck you up." Inmate Herman DuLaney's statement is self explanatory and will be added to the case file.

This Investigator next interviewed Correctional Officer I Thomas Allen, White Male, date of birth 09-19-1957. He resides at 5165 Ceaserville Road, Deatsville, Alabama, phone number 569-1311. In interviewing Officer Thomas Allen he advised this Investigator that he was assigned as a

Rover on the first shift. He said at one point during that particular day in question he entered the Shift Office and stated that while he was in the Shift Office that Sergeant Rogers came into the Shift Office and that he was already in there with Lieutenant Copeland. He stated that Sergeant Rogers entered the office with a black male inmate whom he (Officer Allen) later identified as being inmate Johnson. Officer Allen stated that Sergeant Rogers began counseling the inmate for making sexually suggestive remarks to her back as she walked on the Staton yard. Officer Thomas Allen stated he was about to leave the office, but the inmate was standing in front of the office door, and he stated that he could not leave. He stated that he then observed Sergeant Rogers slap the inmate with her right hand on the left side of the inmate's face. Officer Allen stated that Lieutenant Copeland approached the inmate stating, "Why are you looking at me? Do you want to beat me up?" The inmate stated, "No." Lieutenant Copeland then stated, "Okay, you insulted her and she insulted you so you are both even now, so when I snap my fingers, all this goes away, it never happened." Officer Allen stated that the inmate was then allowed to exit the office and go back to population. Officer Allen stated that this statement is true and correct and that he would never lie on his supervisor, and that he has never had any problems with the supervisor in the past. It should further be mentioned that Officer Thomas Allen stated that he would gladly submit to a polygraph test if needed.

It should further be mentioned that inmate Widney Johnson stated that he also wished to submit to a polygraph test to prove his innocence or guilt in this matter.

This Investigator next interviewed Sergeant Sharon Rogers, Black Female, date of birth 02-14-1965, she resides at 6201 Wynfrey Place, Montgomery, Alabama, phone number is 279-7873. In interviewing Sergeant Sharon Rogers she had in her possession a hand written statement which is the same one that she submitted on February 14, 2005. At that time she read her statement into the tape recorder, in which she said basically that she did, in fact, reprimand inmate Johnson in the Shift Officer for making disrespectful remarks toward her on the sidewalk. She stated that at no time did she slap or assault inmate Johnson in the Shift Office or any other place. She stated that inmate Johnson's allegations are false and unfounded. Sergeant Sharon Rogers was asked if she ever had any problems with Officer Thomas Allen and that if she knew any reason why he would lie on her and say that he observed her slap inmate Johnson. At that time Sergeant Rogers stated that she did not know of any problems between her and Officer Allen, other than the fact that she had written him up on one occasion for getting the count wrong. She also advised that on one or two other occasions she had to assist him in getting inmates into their bunks in his area where he worked. Sergeant Rogers was also asked if she had ever had any previous problems with inmate Widney Johnson and she stated that she had not. Sergeant Sharon Rogers was advised of the seriousness of this offense. At that time I asked her if she would be willing to submit to a polygraph test, to which she stated that she definitely would not be willing to take a polygraph test at no time concerning this investigation. At that time the interview was then concluded.

This Investigator then next interviewed Lieutenant Willie Copeland, Black Male, date of birth 07-03-1956. He resides at 3122 Sutton Drive, Montgomery, Alabama, phone number 272-4814. In interviewing Lieutenant Copeland, he advised that he was, in fact, in the Shift Office on the date in question when Sergeant Rogers brought in inmate Widney Johnson and chastised him for making disrespectful remarks towards her. Lieutenant Copeland stated that he never observed Sergeant Rogers slap inmate Johnson and that never took place. Lieutenant Copeland further advised that he never made any threats or come to inmate Johnson concerning that offense. He stated that he only advised inmate Johnson of the seriousness of disrespecting employees of the DOC. Lieutenant Copeland was asked if he would submit to a polygraph test. Lieutenant Copeland stated that he

that he would gladly submit to a polygraph test and cooperate in any manner to help in this investigation. His statement is self explanatory and will be added to the case file.

At the present time, inmate Widney Johnson has given a statement that indicated that he was slapped once in the face by Sergeant Sharon Rogers. Officer Thomas Allen has given a statement fully supporting inmate Johnson's statement and corroborating his statement to the effect that he (Officer Allen) observed Sergeant Sharon Rogers slap inmate Johnson once in the face. Both inmate Johnson and Officer Allen stated that they would submit to a polygraph test. Sergeant Sharon Rogers has denied the allegation that she slapped inmate Johnson and has stated that she would not submit to a polygraph test concerning this investigation. Lieutenant Willie Copeland has also stated that he did not witness Sergeant Sharon Rogers slap inmate Widney Johnson. Lieutenant Willie Copeland, however, stated that he would submit to a polygraph test to help in this investigation. At the present time, this Investigator is requesting that polygraphs be submitted to inmate Widney Johnson, as well as Officer Thomas Allen concerning these allegations that Sergeant Sharon Rogers slapped inmate Widney Johnson on 02-07-2005.

Errick Demus, Investigator
Alabama Department of Corrections
Investigations and Intelligence Division

ED/sgl

# INVESTIGATIVE REPORT
## SUPPLEMENT



**ALABAMA DEPARTMENT OF
CORRECTIONS**

**INVESTIGATION & INTELLIGENCE
DIVISION**

Confidential-For Official Use Only

Offense: <u>Alleged Officer Misconduct</u>          Case No.   <u>SCC 05-0140/ 1000 05-17</u>

Location: <u>Staton Correctional Facility</u>          County:  <u>Elmore</u>          Date of Offense: <u>2-07-05</u>

| Victim(s) | Subject(s) |
|---|---|
| Inmate Widney Johnson<br>B/M, AIS 200033<br>DOB 8-11-1978 | Sergeant Sharon Rogers |

*p. m.*
RECEIVED
MAY 0 3 2005
4

## SUPPLEMENT:

  In an effort to further resolve this investigation, Inmate Widney Johnson was given a polygraph test on Monday, 4-18-2005 at 8:30 a. m. in the I and I Division by Polygraph Examiner, Investigator Ed Sasser.  The pertinent questions that were asked of Inmate Widney Johnson were; (1) Was he lying about being slapped by Sergeant Rogers and, (2) If Lieutenant Copeland and another officer were present when Sergeant Sharon Rogers slapped him, Inmate Johnson.  No deception was shown on the part of Inmate Johnson to these questions.

  A polygraph examination was also given to Officer Thomas Allen on Monday, 4-18-2005 at 10:00 a. m.  This polygraph was also administered by Polygraph Examiner, Investigator Ed Sasser. The questions that were asked of Officer Allen were; (1) Did he see Sergeant Rogers slap Inmate Johnson on 2-07-2005 and; (2) Was Lieutenant Copeland present when Sergeant Rogers slapped Inmate Johnson.  No deception was shown on the part of Officer Thomas Allen to these questions that were asked.

| Criminal _____ | Non-Criminal _____ | Internal ✓ |
|---|---|---|
| Unfounded _____ | Pending Investigation _____ | Closed or Inactive ✓ |
| | Cleared by Arrest _____ | Not Cleared _____ |

Copies of Report to
Commissioner    ✓ 05-02-05
D/A
D/C              ✓ Deforrest 05-02-05
Other            ✓ Warden Furniss 050205

Date of Report   April 20, 2005

Report Made by Errick Demus

Report Typed by Casandra Henderson

Lieutenant Copeland, who had previously stated he would submit to a polygraph test, was administered a polygraph test on Tuesday, 4-19-2005 at 8:45 a.m. This test was also administered by Polygraph Examiner, Investigator Ed Sasser. Lieutenant Copeland was asked if Sergeant Rogers slapped Inmate Widney Johnson. Lieutenant Copeland was also asked if he was present when Sergeant Rogers slapped Inmate Johnson. The pertinent questions that were asked of Lieutenant Copeland showed deception on his part.

A report of these three polygraph examinations will be forwarded to this Investigator and added to the case file.

On Wednesday, 4-20-2005 at 10 a.m., this investigator re-interviewed Sergeant Sharon Rogers at the I and I Office. At that time, this investigator advised Sergeant Rogers of the seriousness of this allegation and that Inmate Widney Johnson and Officer Thomas Allen had passed the polygraph test that had been given to them. This investigator also advised Sergeant Rogers that Lieutenant Copeland had taken the polygraph test and failed the test, and that deception was shown on his part. Sergeant Rogers was also advised that this was her opportunity to change any previous statements or add to her story. At that time, Sergeant Rogers stated she did not wish to change her story or add anything. At that time, the interview was concluded.

Officer Thomas Allen has given a previous statement indicating that he observed Sergeant Rogers slap Inmate Widney Johnson in the face and has submitted to a polygraph test, in which, Officer Allen passed the polygraph test with no deception shown on his part. Inmate Widney Johnson stated that he was slapped by Sergeant Sharon Rogers and Lieutenant Copeland was present in the office when the slap took place. The polygraph test showed no deception on Inmate Widney Johnson's part. Lieutenant Copeland, who was said to have been present when the slap took place, and gave a statement that the slap never occurred, submitted to a polygraph test and failed the polygraph test on 4-19-2005 at 8:45 a.m. Sergeant Sharon Rogers, who had previously stated that she did not slap Inmate Widney Johnson and would not submit to a polygraph test, was re-interviewed on 4-20-2005 at 10 a.m. in the I and I Office. At that time, she stated she did not wish to change her story in any way.

This information will be forwarded to Warden Forniss of Staton Correctional Facility for follow-up.


Errick Demus, Investigator
Alabama Department of Corrections
Investigation and Intelligence Division

State of Alabama

## Alabama Department of Corrections

Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025
Phone: 334-567-2221- Fax: 334-514-3152

**BOB RILEY**
GOVERNOR

**LEON FORNISS**
WARDEN III

**DONAL CAMPBELL**
COMMISSIONER

May 3, 2005

## M E M O R A N D U M

**TO:**     Leon Forniss, Warden III

**FROM:**   Robert Sanford, Captain

**SUBJ:**   **Recommendation for Disciplinary Action**
            **COSI  Willie Copeland**

On February 10, 2005, Inmate Widney Johnson, AIS #200033 filed an inmate request slip complaining of having been assaulted by Sgt. Sharon Rogers and verbally abused by Lt. Willie Copeland on February 7, 2005 in the shift commander's office. COI Thomas Allen was also present in the shift commander's office at that time. (See Incident Report SCC-05-0140).

On February 14, 2005, Warden Forniss requested an internal investigation by I & I. On April 18, 19, and 20, 2005, Inmate Johnson, Lt. Copeland, and COI Thomas Allen submitted to a polygraph test. Sgt. Rogers refused to submit to a test. However, she was thoroughly questioned by the I & I Investigator.

The Investigative Report received on May 3, 2005 reveals no deception on the part of Inmate Johnson and COI Thomas Allen. The investigation did reveal deception on the part of Lt. Willie Copeland. Sgt. Rogers did not change or add anything to her previous statement.

Based on statements and findings of the internal investigation, I have considered ADOC AR 207, Section V, A. (2) " Render full, efficient, and industrious service" (7) "Observe all laws, rules and regulations.

In determining the appropriate punishment, I have considered AR 208, Positive (Progressive) Employee Discipline:

> Group III (2) Suspension (5 to 15 days) ---- 17 point deduction on employee's performance appraisal.
>
>> (j) Abusive or excessive physical force in dealing with inmates.
>>
>> (n) Conduct that is disgraceful, on or off the job, that does adversely affect an employee's effectiveness on the job.
>>
>> (t) Lack of cooperation or refusal to give information or verbal/written statements in connection with employment, an investigation, or injury. Give false information, altering an investigative report, and/or intentionally omitting facts pertinent to the incident.
>>
>> (v) Serious violations of other rules, procedures, laws, or reasonable conduct expectations.

Lt. Copeland does not have any disciplinary action for this past rating period. Therefore, I am recommending five (5) days suspension without pay for this violation.


RS/md

cc: file

*State of Alabama*

## Alabama Department of Corrections

Staton Correctional Facility
P.O. Box 56
Elmore, Alabama 36025
Phone: 334-567-2221- Fax: 334-514-3152

**BOB RILEY**
GOVERNOR

**LEON FORNISS**
WARDEN III

**DONAL CAMPBELL**
COMMISSIONER

May 3, 2005

# M E M O R A N D U M

**TO:**     *Leon Forniss*
            **Leon Forniss, Warden III**

**FROM:**   *Robert Sanford Cpt*
            **Robert Sanford, Captain**

**SUBJ:**   **Recommendation for Disciplinary Action**
            **COII Sharon Rogers**

On February 10, 2005, Inmate Widney Johnson, AIS #200033 filed an inmate request slip complaining of having been assaulted by Sgt. Sharon Rogers and verbally abused by Lt. Willie Copeland on February 7, 2005 in the shift commander's office. COI Thomas Allen was also present in the shift commander's office at that time. (See Incident Report SCC-05-0140).

On February 14, 2005, Warden Forniss requested an internal investigation by I & I. On April 18, 19, and 20, 2005, Inmate Johnson, Lt. Copeland, and COI Thomas Allen submitted to a polygraph test.
Sgt. Rogers refused to submit to a test. However, she was thoroughly questioned by the I & I Investigator.

The Investigative Report received on May 3, 2005 reveals no deception on the part of Inmate Johnson and COI Thomas Allen. The investigation did reveal deception on the part of Lt. Willie Copeland. Sgt. Rogers did not change or add anything to her previous statement.

Based on statements and findings of the internal investigation, I have considered ADOC AR 207, Section V, A. (2) " Render full, efficient, and industrious service" (7) "Observe all laws, rules and regulations"; C (3) " Use profane abusive language in supervising inmates" (17) "Apply physical force to an inmate"; D, " Employees shall make a complete written report of all unusual incidents that occur during a tour of duty"

In determining the appropriate punishment, I have considered AR 208, Positive (Progressive) Employee Discipline:

> Group III (2) Suspension (5 to 15 days) ---- 17 point deduction on employee's performance appraisal.
>
> > (j) Abusive or excessive physical force in dealing with inmates.
> >
> > (n) Conduct that is disgraceful, on or off the job, that does adversely affect an employee's effectiveness on the job.
> >
> > (t) Lack of cooperation or refusal to give information or verbal/written statements in connection with employment, an investigation, or injury. Give false information, altering an investigative report, and/or intentionally omitting facts pertinent to the incident.
> >
> > (v) Serious violations of other rules, procedures, laws, or reasonable conduct expectations.

Sgt. Rogers does not have any disciplinary action for this past rating period. Therefore, I am Recommending five (5) days suspension without pay for this violation.

RS/md

cc: file

**Diem, Margie**

---

**From:**      Ellis, Nadine
**Sent:**      Tuesday, May 31, 2005 10:54 AM
**To:**      Forniss, Leon
**Cc:**      Diem, Margie
**Subject:**      Employees' Disciplinary Actions

Warden Forniss:

D/C Lovelace and Personnel Director Dora Jackson have approved that the following action be taken on the below referenced employees' disciplinary actions:

Clatys Jenkins, CO II    -        Written Reprimand is okay for service.

Gene A. Grant, CO I    -        Five (5) Days Suspension is okay for service.

Florence E. Lawrence, CO I    -        Five (5) Days Suspension is okay for service.

Willie Copeland, COS I   -        Five (5) Days Suspension is okay for service.

Sharon D. Rogers, CO II    -        Five (5) Days Suspension is okay for service.

If you have any questions, regarding the above disciplinary actions, please advise.

Thanks,

*Nadine Ellis, PA II*
*ADOC Personnel Division*
*(334) 353-9563*
*(334) 353-9526-Fax*

1