RECEIVED
2005 NOV 28 A 10:20

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WIDNEY H. JOHNSON #200033
Plaintiff,
V
SHARON Rogers, et Al.
Defendants.

CIVIL ACTION NO: 2:05-CV-552-F

## ANSWER TO THE DEFENDANTS SPECIAL REPORT

Come Now, the Plaintiff Widney H Johnson And in Accordance With this Honorable Court's Order Entered Oct 3, 20005 Do Here By Submit the Following Answer To THE Defendants Special Report.

## PARTIES

1) THE Defendants SHARON RODGERS is Employed By THE Alabama Department Correction As A Correctional Officer II At Staton Correction Facility. 2). THE SECOND DEFENDANT Willie Copeland, WHO Presently is employed. By the DEPARTMENT OF Correction OF ALABAMA As A Correctional SuperVisor At STATON Correction facility At Elmore AL. 3) Defendant Has name Following Plaintiff A. Widney H Johnson is AN ALABAMA DEPARTMENT OF CorrecTION FACILITY (ADOC) INMAte WHO IS Presently incarated At Ventress Correctional Facility, IN Clayton County, AL 36016

~~Witnesses For THE Plaintiff~~

1). OFFICER THOMAS Allen is Employed By THE Alabama Department Corrections As A (COI) Correctional OFFICER ONE At STATON Corretion facility Elmore AL. 36025

2) HERMAN Dulaney AIS# 212639 Birth 04-05-78 is (ADOC) INMAte WHO is Presently incarcerated At Staton Correction Facility in Elmore County AL. 36025

PHS PRISON HEALTH SERVICES INCORPORATED

Body CHART false "G"

# EMERGENCY

ADMISSTION DATE 2/10/05 TIME 1750 AM PM

ORIGINATING FACILITY ☐ SIR ☐ PDL ☐ ESCAPEE ☐

☐ SICK CALL ☐ EMERGENCY ☐ OUTPATIENT

ALLERGIES NKA

CONDITION ON ADMISSION ☑ GOOD ☐ FAIR ☐ POOR ☐ SHOCK ☐ HEMORRHAGE ☐ COMA

VITAL SIGNS: TEMP 98 ORAL RECTAL RESP. 18 PULSE 72 B/P 131/72 RECHECK IF SYSTOLIC <100> 50

NATURE OF INJURY OR ILLNESS

(S) Per DOC.

Cruel unusual Punishment

ABRASION /// CONTUSION # BURN xx xx FRACTURE Z Z LACERATION / ______ SUTURES

PROFILE RIGHT OR LEFT

RIGHT OR LEFT

PHYSICAL EXAMINATION

(O) Skin wtd to touch. Abdomen soft + nondistended. Resp even + unlabored. MM dry + intact. No tears or redness noted to skin. No c/o pain.

(A) No acute distress noted.

(P) MD to evaluate

false

| ORDERS / MEDICATIONS / IV FLUIDS | TIME | BY |
|---|---|---|
| | | |

DIAGNOSIS

EXHIBT G

INSTRUCTIONS TO PATIENT

DISCHARGE DATE 2/10/05 TIME 1750 AM PM

RELEASE / TRANSFERRED TO ☑ DOC ☐ AMBULENCE ☐

CONDITION ON DISCHARGE ☑ SATISFACTORY ☐ POOR ☐ FAIR ☐ CRITICAL

NURSE'S SIGNATURE S. Johnson, LPN DATE 2/10/05

PHYSICIAN'S SIGNATURE DATE

CONSULTATION

| INMATE NAME (LAST, FIRST, MIDDLE) | DOC# | DOB | R/S | FAC. |
|---|---|---|---|---|
| Johnson, Windrey R. | 200033 | 5/11/78 | B/M | SCC |

PHS-MD-70007

(White – Record Copy, Yellow – Pharmacy Copy)

# Plaintiff EXHIBITS

IN Accordance with the Courts Orders, the Plaintiff Submit the following EXHibits:

1) EXHIBT "A" AFFIDAVIT OF WIDNEY H Johnson

statement 2) EXHIBT "B" AFFIDAVIT of Thomas Allen

statement 3) EX HIBT "C" AFFIDAVIT of HERMAN Dulaney

4) EXHIBT "D" Employee Discipline of SHARON-RODGER AR 208. Positive (Progressive) Discipline

5) EXHIBT "E" Employee Discipline of Lt Willie Copeland.

6) ~~[illegible] Polyg~~raPH EXAMiner

7) Body CHArt is false to cover up the Defendants Violation of tHE STATE EXHIBT "G" Cruel unusual Punishment Not Give me Body cHart that Day I Been seening Mental Doctor At Ventress Center

## ConClusion

THE Defendants trying to Cover it up. the Case they Violated my civil Rights.

## DEFENDANTS' ALLEGATIONS

THE DEFENDANTS Claims that on February 7 2005 PlAINtiff WIDNEY H JoHNSON WAS among Several inmates ON the side WALK WHEN SHARON RODGERS (CO II) WAS Passing By that erupted in laughter After someone in the group whistled. Sergeant Rodgers responded By SPEAKING to tHE Plaintiff AND the Plaintiff iN turn responded by using rude, Provocative AND Degrading language towards Sergeant RoDGErs. Sergeant then Escorted the Plaintiff to tHE Shift Commander's office, Where she reprimanded the Plaintiff Concerning His Disrespectful remarks toward Her ON the Side WAlk. At tHAt time Sergeant Rodgers made Physical Contact with tHE Plaintiff face USING Her HAND. THE Plaintiff WAS tHEN Counseled By Lieutenant Copeland and allowed to leave the Shift Commanders office.

## DAMAGES / RELIEF DEMANDED

As A result of the Plaintiff Actions, DEFENDANTS claims (USE of excessive force) PHYsical Contact WitH Plaintiff face. Cruel unusual Punishment

## Plaintiff RESPONSE

Plaintiff ANSWER THE DEFENDANTS SPECIAl REPort:

1. THE Plaintiff SAys the DEFENDANts use excessive force.
2. ~~THE Plaintiff claims Cruel Unu~~sual Punishment ~~[illegible]~~ excessive forsce.
3. Plaintiff says the DefenDAnts' violated his Constitional rights By Abusive or excessive PHYsical force iN DealinG with INmates (W)
4. THE DEFENDANTS' LAck of Coopertion or refusal to Give information or verbal / written statements in Connect with employment AND INvestigation, or INjury. Give false INformation, AlterinG AN INvestigative rePort and/or INtentionally omittinG facts Pertinent to the incident.

## BRIEF STATEMENT OF FACTS

I THE Plaintiff Claims tHAt ON FEB 7 20005 He WAS taken By Sergeant RoDgers (ME tHE Plaintiff) from tHE side wAk to tHE Shift office after she Heard someONE WHistle At Her. Plaintiff Ask SHAron - RodGERS wHAt I Did Im GoinG to mAKe you out A fuck Em EXAMple. PlAINtiff Claims Sergeant Rodgers Assault Him with Excessive forsce. AND COPElAND AND SHARON RODGERS THEN tHreatened Him in Such Manner tHAt I feared for my Life. SHARON RODGERS SlAP excessive forse THE LT CoPEland tHreateneD me witH Bodily Harm.

## ARGUMENT

I still Have Head Ackes AND Night mAREs They the DEFENDANTS' didn't Give me a Bodychart in the AlABAMA ~~Department Correction~~ THE DEFENDANTS Stg SHARon Rodgers AND Willie Copeland Didnt give me A Body chart in the state of AlABAMA Department Correction If any INCident must Happen between Officer OR Inmate the officer who working Around you must take you for Body chart that Day this is A rule they Broke in the state(s) LAck of →

ation or refusal to give information or Verbal/written statement in Connection with employent, An investigation, or Injury. [illegible] Information, Altering An investigative report, AND/OR Intentionally omitting facts pertinent to the incident. RUIZ V. ESTELLE 1267 **THE Eighth Amendment establishes A State's obligation to provide medical Care for those whom it is punishing by incarceration: this duty is a direct Consequence of the state's Legitimate power to deprive A person of His** freedom for A violation of its penal Law. U.S.CA, Const Amend 8 (5th Cir 1975) (delays of weeks or months unacceptable; If Inmates sent for medical Care, must Be seen within 12 Hours the Defendants didn't (Stg SHARON Rogers AN Lt Willie Copeland Did not take me to get A Body Chart to HCU. After every Incident between Inmate AND officer THE Officer must report you to HCU for Body CHart that same time the Incident Happen that Day. SHARON Rodgers AN Lt Willie Copeland Violated the Rules of DOC And my Rights Civil Right to WAS Violated Cruel & Unusual Punishment

"Hudson V. McMillian is the most important Case. in Hudson the Court Held that the use of force by prison guards Violates **the Eighth Amendment when it is not Applied IN A Good-Faith effort to maintain or restore discipline"** But, rather, is Administered maliciously AND Sadistically to Cause Harm. the Defendants SHARON Rodgers AND Lt Willie Copeland Violated for not give me A Body cHart AND Violated the DOC Rules. Stg SHARON Rodger use excessive force witnesses THOMAS Allen in I&I report for the state Page 2 of 5 it in the Special Report from the state THOMAS (COI) Allen Say He seen Stg Sharon Rodger Slap Inmate Johnson Very Very HARD. I didnt use no rude or degrading At Her or toward them. I will Past Another polygraph test saying I didnt.

# InJunctive Relief SougHt

1) Plaintiff seek One Million Dollars for Person InJury sustan at the Hands of state of AlAbama And/or its Agents (sHaron Rodgers & willie-Copeland Defendants).

2) Plaintiff seek ONE Million Dollars for Compensatory Damages.

3). Plaintiff Seek ONE Million Dollars for Puntive Damages AND Assaulting me AND Cruel unusual Punishment Violateing my RigHts.

4) Plaintiff seek TRIAL By Jury in this in start Cause.

5) Plaintiff Ask THis HonoRAble Courts to Notify said Defendants And Issue Order To provide All medical, Disciplinary Report, Affidavit AN statements Of persons InVolved And provide these Records at No Cost to tHE Plaintiff because Im Indrgent THAt I Need All of these Documents to propurly Defend my Cause in this MAtter.

6) Plaintiff seeks Release from Incarceration Due to tHE Mental AnguisH that He Suffered by the Act or Ommission from the ABove NAmed Defendants And/or it Agents.

7) Plaintiff Ask THis HonoRAble Court to Notify All Said Defendant of Said Action As A matter of LAw, AND for THem to Respond At the time tHis HonoRAble Court Deemed ReAsonAble

Respectfully Submitted
tHE
Plaintiff
Widney H JoHnson #200033

EXHIBIT
A

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF AlABAMA
NORTHERN DIVISION

WIDNEY H JOHNSON #200033
Plaintiff

VS. ) CASE NO: 2:05-CV-552-F

SHARON RODGERS, et Al.
Defendants

AFFIDAVIT

BEfORE me, the undersigned, A Notary Public in and for Said County AND State of AlABAMA At Large, personally appeared Widney H Johnson the Plaintiff who being Known to me and being by me duly sworn, deposes and Says on oath As Follows:

My name is Widney H JoHNSON I'm presently iNCarcerated At Ventress Correction facility Clayton AL P.O. Box 767 36016 I'm over twenty-ONE years of Age.

THE is my response to the Magistrate Judge's Order Concerning the Defendants Special Report made By Defendants' SHARON RODGER AND Willie Copeland. I Have reviewed there Special Report of the Defendants'

IN this Civil action, in the Special Report to the Plaintiff I the Plaintiff tHE Defendants say they didnt Violated my Civil rigHts. the Defendants' Lied to the I&I INVESTIGATION INTELLIGENCE DIVISION for tHE STATE of AlABAMA it in tHE Special Report from the state this is some of the rules the Defendant Violated (J) Abusive or excessive Physical force in dealing with inmates (n) Conduct that is disgraceful, on or off the JoB, that does Adversely Affect AN employee's effectiveness on the JoB (t) LACK of Cooperation or refusal to give information or verbal written statements IN Connection with employment, an investigation, or injury Give false information, Altering AND investigative report, and/or intentionally

omitting facts pertinent to the Incident. (V) Serious violation of other rules, procedures, laws or reasonable Conduct expectations. My (Lie test) polygraph test show No deception; CO I Thomas Allen show No deception the Lt. Copeland show deception and Sharon Rodgers didnt take one. If it was me the other way around I woulded got more time and have to pay. I didnot use no rude or degrading Language toward them if I did I would got a disciplinary action. I still have **HeadAckes and nightmares** they (Defendants) didnt give me a Bodychart in the state in any Incident they must take you for (Bodychart) to HCU they didnt. they try to cover it up. But on the 10 of FEB 20005 Lt Brown told COI to take me to HCU the woman who did my Bodychart was a friend on the Job with Sharon Rodgers (Defendant) I told her what happen and how it done me Physically she laught at me like I was Lieing didnt put me in to see the Doctor she wrote my Bodychart wrong in Sharon Rodger Behave.

I the Plaintiff Widney H Johnson claims on FEB 7, 20005 He was taken By Sergeant Rodgers from the sidewalk to the Shift office Some one had whistled at her. Plaintiff Ask Sharon Rodger what I did SHE said Im Going to make you out a "fucking Example" I the Plaintiff claims Sergent Rodgers Assault me with using excessive force and Copeland & her Sergent Rodgers and then treatened me in such manner (that I fear for my Life) And then treatened me with Bodily Harm. Lt Willie Copeland said at the snap of my finger walkout all this goes way it never happen Copeland snap his finger I walk out still fearing for my Life.

To my Knowledge, the above-related facts are Brief statement and involvement with Defendant's Stg Rodgers & Lt Copeland concerning there allegations on there Special Reports I the Plaintiff say the Defendants violated my Civil Rights of Widney Johnson #200033

Widney Johnson # 200033
Widney H Johnson # 200033
WIDNEY JOHNSON # 200033

Carolyn R. Abercrombie
NOTARY PUBLIC

SWORN TO AND SUBSCRIBED before me this 17th DAY of Nov. 2000S

My Commission Expires August 18, 2007
My Commision Expires

EXHIBIT B

Affidavit

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

February 14, 2005

WIDNEY H JOHNSON #200033
Plaintiff

**STATEMENT**

V

CASE NO: 2:05-CV-552F

**COI Thomas Allen**

SHARON ROGERS, et Al.
Defendants

On 2/7/05, I was assigned as a rover on the 1st shift. At one point in the day, I was in the shift office with Lt. Copeland when Sgt. Sharon Rogers entered the office with a black inmate. Sgt. Rogers began counseling the inmate for making sexually suggestive remarks to her back as she walked on the Staton yard.

I was going to exit the office, but the inmate was in front of the office door, so I stood nearby in case I was needed to subdue the inmate. I observed Sgt. Rogers slap the inmate with her right hand to the left side of the inmate's face. Lt. Copeland then approached the inmate stating "why are you looking at me, do you want to beat me up?" The inmate stated "No." Lt. Copeland then stated "o.k.., you insulted her, she insulted you, so we should be even now. So when I snap my fingers, all this goes away, it never happened."

Then the inmate was allowed to exit the office and go back to population. I then exited the office and went back to my normal roving duties.

Thomas Allen COI 2/14/05
COI Thomas Allen

SWORN TO and SUBSCRIBED before me this 14th day of February, 2005.

Margaline B. Dean
**NOTARY PUBLIC**

Affidavit

EXHIBIT C

February 7, 2005

Statement by Herman Delaney.

On 02-07-05 at approximately 11:00 AM, I, Herman Delaney, B/212639, was at recess in A-Dormitory who was hosting GED classes. During recess, I walked outside to smoke a cigarette and I met Inmate Widney Johnson, B/200033, outside of A-Dormitory. We were talking about various things concerning prison, and then Sgt. Rodgers came up on the sidewalk and other inmates were making comments about Sgt. Rodgers. Sgt. Rodgers turned around and replied, "I don't play no fucking games." Then Sgt. Rodgers kept on walking towards A-Dormitory and she turned around again, after she heard some more comments, that is when she asked Inmate Widney Johnson why was he laughing at her. Inmate Johnson replied that he was not laughing at her. Sgt. Rodgers' response was, "Let's go to the Shift Office and I'm fixing to fuck you up." Inmate Johnson replied I haven't done anything. Sgt. Rodgers' final reply again was, "Let's go to the Shift Office, I don't play no fucking games."

Herman Delaney -212639
HERMAN DELANEY, B/212639

NOTARY: James H. Lindsey Jr.
2/10/05
Elmore, Al.

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

WIDNEY H JOHNSON
Plaintiff )
) CASE NO: 2:05-CV-552F
VS. )
SHARON RODGERS, et al. )
Defendants )

EXHIBIT D

In determining the appropriate punishment, I have considered AR 208, Positive (Progressive) Employee Discipline:

Group III (2) Suspension (5 to 15 days) ---- 17 point deduction on employee's performance appraisal.

(j) Abusive or excessive physical force in dealing with inmates.

(n) Conduct that is disgraceful, on or off the job, that does adversely affect an employee's effectiveness on the job.

(t) Lack of cooperation or refusal to give information or verbal/written statements in connection with employment, an investigation, or injury. Give false information, altering an investigative report, and/or intentionally omitting facts pertinent to the incident.

(v) Serious violations of other rules, procedures, laws, or reasonable conduct expectations.

Sgt. Rogers does not have any disciplinary action for this past rating period. Therefore, I am Recommending five (5) days suspension without pay for this violation.

RS/md

cc: file

EXHIBIT E

In determining the appropriate punishment, I have considered AR 208, Positive (Progressive) Employee Discipline:

Group III (2) Suspension (5 to 15 days) ---- 17 point deduction on employee's performance appraisal.

(j) Abusive or excessive physical force in dealing with inmates.

(n) Conduct that is disgraceful, on or off the job, that does adversely affect an employee's effectiveness on the job.

(t) Lack of cooperation or refusal to give information or verbal/written statements in connection with employment, an investigation, or injury. Give false information, altering an investigative report, and/or intentionally omitting facts pertinent to the incident.

(v) Serious violations of other rules, procedures, laws, or reasonable conduct expectations.

Lt. Copeland does not have any disciplinary action for this past rating period. Therefore, I am recommending five (5) days suspension without pay for this violation.

RS/md

cc: file

EXHIBIT 1 E

# INVESTIGATIVE REPORT SUPPLEMENT

ALABAMA DEPARTMENT OF CORRECTIONS

INVESTIGATION & INTELLIGENCE DIVISION

Confidential-For Official Use Only

Offense: Alleged Officer Misconduct Case No. SCC 05-0140/ 1000 05-17

Location: Staton Correctional Facility County: Elmore Date of Offense: 2-07-05

| Victim(s) | Subject(s) |
|---|---|
| Inmate Widney Johnson<br>B/M, AIS 200033<br>DOB 8-11-1978 | Sergeant Sharon Rogers |

P.M. RECEIVED MAY 03 2005

**SUPPLEMENT:**

In an effort to further resolve this investigation, Inmate Widney Johnson was given a polygraph test on Monday, 4-18-2005 at 8:30 a. m. in the I and I Division by Polygraph Examiner, Investigator Ed Sasser. The pertinent questions that were asked of Inmate Widney Johnson were; (1) Was he lying about being slapped by Sergeant Rogers and, (2) If Lieutenant Copeland and another officer were present when Sergeant Sharon Rogers slapped him, Inmate Johnson. No deception was shown on the part of Inmate Johnson to these questions.

A polygraph examination was also given to Officer Thomas Allen on Monday, 4-18-2005 at 10:00 a. m. This polygraph was also administered by Polygraph Examiner, Investigator Ed Sasser. The questions that were asked of Officer Allen were; (1) Did he see Sergeant Rogers slap Inmate Johnson on 2-07-2005 and; (2) Was Lieutenant Copeland present when Sergeant Rogers slapped Inmate Johnson. No deception was shown on the part of Officer Thomas Allen to these questions that were asked.

| | | | | | |
|---|---|---|---|---|---|
| Criminal | ___ | Non-Criminal | ___ | Internal | ✓ |
| Unfounded | ___ | Pending Investigation | ___ | Closed or Inactive | ✓ |
| | | Cleared by Arrest | ___ | Not Cleared | ___ |

| Copies of Report to | | |
|---|---|---|
| Commissioner | ✓ 05-02-05 | Date of Report April 20, 2005 |
| D/A | | |
| D/C | ✓ McFarlace 05-02-05 | Report Made by Errick Demus |
| Other | ✓ Warden Forniss 050205 | Report Typed by Casandra Henderson |

Lieutenant Copeland, who had previously stated he would submit to a polygraph test, was administered a polygraph test on Tuesday, 4-19-2005 at 8:45 a. m. This test was also administered by Polygraph Examiner, Investigator Ed Sasser. Lieutenant Copeland was asked if Sergeant Rogers slapped Inmate Widney Johnson. Lieutenant Copeland was also asked if he was present when Sergeant Rogers slapped Inmate Johnson. The pertinent questions that were asked of Lieutenant Copeland showed deception on his part.

A report of these three polygraph examinations will be forwarded to this Investigator and added to the case file.

On Wednesday, 4-20-2005 at 10 a. m., this investigator re-interviewed Sergeant Sharon Rogers at the I and I Office. At that time, this investigator advised Sergeant Rogers of the seriousness of this allegation and that Inmate Widney Johnson and Officer Thomas Allen had passed the polygraph test that had been given to them. This investigator also advised Sergeant Rogers that Lieutenant Copeland had taken the polygraph test and failed the test, and that deception was shown on his part. Sergeant Rogers was also advised that this was her opportunity to change any previous statements or add to her story. At that time, Sergeant Rogers stated she did not wish to change her story or add anything. At that time, the interview was concluded.

Officer Thomas Allen has given a previous statement indicating that he observed Sergeant Rogers slap Inmate Widney Johnson in the face and has submitted to a polygraph test, in which, Officer Allen passed the polygraph test with no deception shown on his part. Inmate Widney Johnson stated that he was slapped by Sergeant Sharon Rogers and Lieutenant Copeland was present in the office when the slap took place. The polygraph test showed no deception on Inmate Widney Johnson's part. Lieutenant Copeland, who was said to have been present when the slap took place, and gave a statement that the slap never occurred, submitted to a polygraph test and failed the polygraph test on 4-19-2005 at 8:45 a. m. Sergeant Sharon Rogers, who had previously stated that she did not slap Inmate Widney Johnson and would not submit to a polygraph test, was re-interviewed on 4-20-2005 at 10 a. m. in the I and I Office. At that time, she stated she did not wish to change her story in any way.

This information will be forwarded to Warden Forniss of Staton Correctional Facility for follow-up.

Errick Demus, Investigator
Alabama Department of Corrections
Investigation and Intelligence Division

Mr Widney Johnson #200033
P.O. Box 767 D-A 26B
Ventress Center
Clayton AL. 36016

Plaintiff

CERTIFICATE OF SERVICE

I Hereby certify that this 22 day of Nov, 20005 Served A Copy of the foregoing on the Defendants By placing Same in the United States mail postage prepaid AND ADDressed As follows:

ADDRESS OF Counsel
Office of the Attorney General
General Civil Litigation
11 South Union Street
Mont, AL 36130